UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**DOMINIQUE MOORE,**

 Plaintiff,

v.           No. 4:25-cv-00616-P

**GENERAL MOTORS LLC, ET AL.,**

 Defendants.

## ORDER

On December 16, 2025, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in the above-captioned case. ECF No. 43. The FCR recommends that Defendant General Motors LLC's (GM) Motion to Dismiss be partially granted. *Id.* Plaintiff filed an Objection to the FCR on December 30, 2025. ECF No. 44.

The Court has conducted a *de novo* review of the following:

1. The pleadings and record;
2. The FCR of the United States Magistrate Judge (ECF No. 43);
3. The Plaintiff's written objections to the FCR (ECF No. 44);
4. GM's Response to Plaintiff's objections (ECF No. 45); and
5. The applicable law.

The Court, having conducted a *de novo* of the FCR in accordance with 28 U.S.C. § 636(b)(1), concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts them as the findings and conclusions of the Court.

Plaintiff's objections are essentially that Plaintiff should be excused from federal pleading standards. *See generally* ECF No. 44. While *pro se* filings are construed liberally, *pro se* litigants, like all other parties, must abide by the Federal Rules of Civil Procedure. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also Boswell v. Honorable Governor of Tex.*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000). Accordingly,

it is **ORDERED** that Plaintiff's objections are **OVERRULED**, and the findings, conclusions, and recommendation of the Magistrate Judge are **ADOPTED**.

Therefore, Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part.** Plaintiff's claims against GM for: (1) sexual harassment in violation of Title VII and the Texas Labor Code; (2) disability-related issues in violation of the ADA and the Texas Labor Code; (3) sex discrimination based on termination in violation of Title VII and the Texas Labor Code; (4) concerted protected activity in violation of the NLRA; and (5) wrongful termination under Texas Common Law are **DISMISSED with prejudice**.[1]

Plaintiff's claims against GM for: (1) sex discrimination based on being transferred to a more physically demanding department in violation of Title VII and the Texas Labor Code and (2) retaliation in violation of Title VII and the Texas Labor Code shall proceed.

**SO ORDERED** on this **27th day of January 2026.**

*[signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

---

[1] If a court determines that dismissal of a claim is appropriate, it should be with prejudice if amending the claim would be futile or "the plaintiff has alleged his best case." Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 566 (5th Cir.2003). Plaintiff has already been given the opportunity to file an Amended Complaint after Defendant filed its initial Motion to Dismiss (ECF Nos. 22, 23) that raised the same issues raised in Defendant's Amended Motion to Dismiss currently pending. Therefore, any additional leave for Plaintiff to amend her claims would be futile.

2